# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

W. DEXTER HARRISON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Action No. 1:07-cr-45-003 (HL)

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Thomas Q. Langstaff (Doc. 620) addressing Petitioner W. Dexter Harrison's Motion to Vacate under § 2255 (Doc. 498). Petitioner has asserted objections to the recommendation through counsel (Doc. 650) and also through a *pro se* brief (Doc. 651). The Court has consistently declined to take Petitioner's *pro se* filings into consideration since Petitioner is represented by counsel. (*See* Doc. 648, p. 2.) The Court finds that it is appropriate to continue to decline review of Petitioner's *pro se* filings, which includes Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Doc. 651) as well as Petitioner's *pro se* Motion to Amend (Doc. 652). Therefore, the Motion to Amend is denied, and only those objections made by Petitioner's counsel will be addressed.[1]

---

[1] Petitioner and Petitioner's counsel both object to the Court's decision not to consider *pro se* filings, especially in light of Petitioner's desire to proceed unrepresented in this

I. **FACTS**

On October 20, 2005, Petitioner was indicted with two co-defendants in the Middle District of Georgia. Petitioner was charged with one count of conspiracy to commit arson and mail fraud, one count of mail fraud, one count of arson, and one count of providing misleading statements. He was found guilty by a jury as to all counts. On August 2, 2006, Petitioner was sentenced to 180 months imprisonment, a $50,000.00 fine, and restitution in the amount of $466,668.29. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which affirmed the conviction. On May 29, 2009, Petitioner filed this Motion to Vacate pursuant to 29 U.S.C. § 2255.

II. **ANALYSIS**

The Report and Recommendation issued by the Magistrate Judge addresses four claims made by Petitioner. Two of these claims are raised in his Motion to Vacate (Doc. 499) and two of these claims arise in Petitioner's post-hearing brief (Doc. 601). In the Motion to Vacate, Petitioner alleges two errors: (1) "trial counsel rendered ineffective assistance of counsel by failing to properly investigate the facts of Petitioner's case and then by failing to present critical

---

matter. Counsel has submitted a Motion to Withdraw (Doc. 639) which was denied by the Magistrate Judge in July 2012. The Magistrate Judge reasoned that Petitioner's counsel, Mr. Donald Samuel, has been representing Petitioner during the appeal of his criminal conviction and during his § 2255 Motion to Vacate, a period of representation spanning six years. Mr. Samuel filed his withdrawal motion as the case nears conclusion, and the Magistrate Judge did not find it appropriate for Mr. Samuel to withdraw at this late date. This Court agrees, and will not reconsider the issue of potential withdrawal. Numerous chances to withdraw have arisen before now, and now is not the time to leave Petitioner without counsel.

2

evidence, supporting Petitioner's defense and contradicting the prosecution's theory of the case" and (2) "contrary to its Brady and Giglio obligations, the prosecution failed to disclose evidence that Dennis Weaver sought to clandestinely record conversations with Julie Harrell (and presumably did) and that Henry James Mullen and his family were prime suspects in the arson." (Doc. 499.) In his post-hearing brief, Petitioner's additional two claims are (1) that trial counsel was ineffective for failing to request a severance mid-trial after Petitioner's co-defendant waived his marital privilege and (2) the AUSA failed to furnish a statement made by Martin Harrell, Petitioner's co-defendant, where Harrell allegedly denied that Petitioner was involved in the arson. (Doc. 601.) These claims are addressed below.

A. **Claim #1: Trial counsel was ineffective for failing to present critical evidence**

This claim, raised in Petitioner's Motion to Vacate, alleges that trial counsel neglected to present evidence essential to Petitioner's defense. Specifically, Petitioner contends that his trial counsel did not fully investigate and present evidence about Mr. Dennis Weaver, a witness who testified at trial that he wore a recording device for the purpose of gathering information and recording conversations about Petitioner. Also, Petitioner contends that trial counsel did not properly investigate and present evidence about the GBI's investigation into Harry James Mullen as a possible suspect in the arson. Petitioner claims that

3

had these two pieces of evidence been presented at trial, the outcome of the trial would have been different.

The Magistrate Judge recommends dismissing this claim because it falls below the Strickland v. Washington standard for ineffective assistance of counsel. 466 U.S. 669 (1984). Under Strickland, to prevail on an ineffective assistance of counsel claim, the movant must show that (1) his attorney's performance was deficient and that (2) he was prejudiced by the inadequate performance. Id. After review, the Magistrate Judge concluded that the alleged failures to present evidence of Weaver's taped conversations and to investigate Mullen did not constitute ineffective assistance of counsel under Strickland because the attorney's performance was not deficient.

As to the conversations allegedly recorded by Weaver, there is no concrete evidence that the tapes ever existed. The GBI did provide Weaver with the equipment to record conversations with Martin Harrell and/or Julie Harrell, but there is no evidence that the recording equipment was ever used. To the contrary, four witnesses – Weaver himself (Doc. 424, Trial Transcript, pp. 60-64), Agent Brad Donnelly (Doc. 596, Evidentiary Hearing, p. 69), Agent Mike Walsingham (Doc. 596, p. 77), and Agent Mike Murphy (Doc. 596, p. 85-86) – testified that no recordings were ever made. The Magistrate Judge concluded that Petitioner was unable to show that the tapes ever existed, and therefore, Petitioner was unable to show that trial counsel was ineffective in failing to obtain these tapes.

4

As to the claim about the failure to obtain the entire GBI file regarding Mullen, the Magistrate Judge concluded that there was not sufficient evidence to prove that trial counsel was ineffective with his investigation of Mullen. The Magistrate Judge found that there was no evidence that any relevant part of the file on Mullen was not examined and any suggestion that the file produced to trial counsel was incomplete was speculative.

In his objection, Petitioner claims that the entire files on Weaver and Mullen should have been turned over to trial counsel, and that if these files had been investigated properly, the outcome of the trial would have been different. Petitioner claims that trial counsel did not make any specific request for information and assumed that the discovery materials presented to him were the complete records. Petitioner claims that "because counsel relied simply on the assurance of the prosecutor that everything that was required to be turned over was, in fact, furnished to the defense, this information was never revealed to counsel prior to trial." (Doc. 650, p. 19.) Petitioner goes on to say that this failure to gather all the necessary information was not a trial strategy, but was rather a reversible error.

Upon reviewing Petitioner's claim of ineffective assistance of counsel based on the failure to obtain the files on Weaver and Mullen, this Court upholds the recommendation of the Magistrate Judge and finds that Petitioner's trial counsel's actions were reasonable and do not constitute ineffective assistance of counsel.

5

"No absolute rules dictate what is reasonable performance for lawyers." Chandler v. United States, 218 F.3d 1305, 1317 (11th Cir. 2000). "Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. (quoting Strickland, 466 U.S. at 688). Accordingly, legal counsel has no absolute duty to investigate particular facts or a certain defense. Id. To fall within the wide range of legal competence, counsel's choice to conduct or not conduct an investigation "need only be reasonable." Id.

In this case, Petitioner has not shown that trial counsel's decisions about the investigation of Mullen or Weaver were outside the range of acceptable behavior for attorneys. As to Weaver, Petitioner notes in his objection that "[w]hether [Weaver] did [record conversations] and failed to turn over the tapes; or did so and the tapes were lost by the GBI; or whether he refused to do so, to facilitate his ability to fabricate the contents of his conversation with Julie Harrell are questions that are unanswered." (Doc. 650, p. 19.) This statement demonstrates that Petitioner cannot show that the tapes existed, and therefore, cannot show that it was error for his trial counsel not to review the tapes. As to Mullen, there is no evidence that there was any additional information available about him. During the evidentiary hearing, Petitioner's counsel testified that he investigated Mullen and determined he was not a viable suspect in the arson. (Doc. 596, Evidentiary Hearing, pp. 42-43.) This is sufficient to satisfy Strickland.

6

The Court finds that Petitioner is unable to carry his burden of showing ineffective assistance of counsel based on allegations that trial counsel did not investigate all of the information regarding Weaver or Mullen. Petitioner's claim of ineffective assistance of counsel raised in his Motion to Vacate is denied.

B. **Claim #2: The government violated <u>Brady</u> and <u>Giglio</u> by failing to disclose evidence that Weaver tried to record conversations with Julie Harrell**

Petitioner contends in his Motion to Vacate that, contrary to its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150, 154 (1972), the government failed to disclose exculpatory evidence. Specifically, Petitioner claims that the government failed to release information about Dennis Weaver and certain conversations that he recorded with Julie Harrell. Petitioner contends that Weaver was questioned during trial about his efforts to tape record his co-defendant Martin Harrell in his vehicle, which was monitored by a transmitter placed there by the GBI. (Doc. 601, Post-Trial Brief, p. 20.) However, Petitioner claims that Weaver was never questioned about a second tape recorder which was given to Weaver by the GBI to be used to tape conversations with Julie Harrell, Martin Harrell's wife. (Doc. 601, p. 20.) Petitioner argues that the failure to reveal information about the second recorder demonstrates that the government was withholding information. Petitioner also claims that the government had information on Harry James Mullen and his family, who were at one time suspects in the arson, and failed to disclose this evidence.

7

Under Brady, the prosecution has an affirmative duty to disclose any exculpatory evidence "where the evidence is material either to guilt or to punishment." 373 U.S. at 87. Withholding evidence favorable to an accused is considered a violation of due process. Id. According to Giglio, the government must inform the defense if a witness has been given a promise that he or she will not be prosecuted in exchange for his or her testimony. 405 U.S. 150, 154 (1972). Giglio has been interpreted to apply to any agreements made between the government and a material witness. Smith v. Kemp, 715 F.2d 1459, 1463 (11th Cir. 1983).

In his recommendation, the Magistrate Judge did not reach the merits of Petitioner's Brady and Giglio claim, determining that the claim was procedurally barred because it was not raised on direct appeal. The Magistrate Judge concluded that all claims must be addressed on direct appeal if they are to be addressed in a habeas challenge unless the petitioner can demonstrate either "'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614 622 (1998) (internal citations omitted). The Magistrate Judge proceeded with an in-depth analysis and determined that Petitioner did not raise the issue on direct appeal, even though he could have done so, and that Petitioner could not demonstrate either "cause" or "actual prejudice," and therefore the claim was procedurally barred.

Petitioner objected to the Magistrate Judge's recommendation, stating that Petitioner was not aware of the Brady and Giglio claim until after the trial.

8

Petitioner maintains that after the trial, appellate counsel requested records through the Open Records Act and only then did he discover facts supporting a Brady and Giglio violation, namely that the government did not release the complete Weaver and Mullen files to trial counsel. Petitioner claims that because the information was discovered after trial, there was no way to pursue it on direct appeal and the claim should not be barred on procedural grounds.

Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). A collateral attack, like a § 2255 motion, is appropriate only when there is a necessity to develop a factual basis for the claim through a hearing. United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988). If sufficient evidence exists on the record to resolve the issue, the claim must be addressed on direct appeal. United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992) (cert denied, 505 U.S. 1210 (1992)). The appropriate inquiry into availability of a claim is whether the claim existed at the time of the direct appeal, not whether legal developments or new evidence would make the claim stronger. Lynn, 365 F.3d at 1235.

In DiPietro v. United States, the Eleventh Circuit determined, over the petitioner's objections, that a claim was "available." 251 Fed. Appx. 606, 607 (11th Cir. 2007). In that case, DiPietro filed a *pro se* motion to vacate under § 2255, alleging prosecutorial misconduct and failure to disclose exculpatory evidence. Id. Specifically, DiPietro alleged that the government failed to release certain taped telephone conversations. Id. The district court found that the claim was procedurally barred because it was not raised on direct appeal. Id. The Eleventh Circuit upheld the district court, concluding that the recorded conversations were identified in the criminal complaint and were mentioned by a detective in his trial testimony, which was sufficient to make the claims available for purposes of a direct appeal. Id. The court determined that "the existence of the recordings was apparent from the face of the record, and DiPietro had the opportunity to object to his lack of access to them both at trial and on appeal." Id.

In this case, like in DiPietro, Petitioner's claims were available for purposes of direct appeal. Sufficient information was available on the face of the record and Petitioner could have asked more questions and inquired further into the evidence about Weaver and Mullen. Evidence was presented at the trial during cross-examination about Weaver and his possession of an audio recording device. (Doc. 424, Hearing Transcript, pp. 60-64.) This was sufficient to put Petitioner on alert about the recording devices. There is no evidence that Petitioner attempted to obtain the tapes during trial or file an appeal about the government's failure to disclose this information. Petitioner had the opportunity to

file a direct appeal on this issue, but chose not to, closing the door to a collateral attack on this front.

As for Mullen, Petitioner was the one who initially informed the GBI that Mullen should be a suspect in the arson. (Doc. 596, Evidentiary Hearing, p. 42.) This demonstrates that, based on the face of the record, Petitioner was aware of Mullen and the GBI's investigation of him. If Petitioner thought that the files he was given were incomplete, the appropriate time to raise this issue was on direct appeal, not through a collateral attack. Though the Open Records request may have revealed additional information might have strengthened his claim that the government did not produce the entire Mullen file, the inquiry is not when the claim is the strongest, but rather when the claim was "available." This Court finds that the claim about the GBI file on Mullen was available on direct appeal, and therefore, cannot be heard in a § 2255 motion.

This Court also agrees with the Magistrate Judge's analysis of the two exceptions to the procedural default rule. A petitioner's failure to raise an issue on direct appeal can be excused in two circumstances: (1) for cause and prejudice, and (2) for a miscarriage of justice, or actual innocence. McKay, 657 F.3d at 1196. To show cause and prejudice, a petitioner must demonstrate "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." Id. (quoting Lynn, 365 F.3d at 1234) (emphasis in original). Under the actual innocence exception, a movant's procedural default is excused "if he can show that he is actually innocent either of the crime of

conviction or, in the capital sentencing context, of the sentence itself." Id. As the Magistrate Judge pointed out, the alleged Brady and Giglio violation was available at the time of the direct appeal, meaning there is no "cause" for failure to raise the claim on direct appeal. Further, Petitioner has failed to show "actual prejudice." There is no evidence supporting Petitioner's claim that the evidence that the government allegedly failed to produce resulted in "substantial disadvantage at trial." Starks v. United States, 2009 WL 161196 at *5 (M.D. Fla. Jan. 21, 2009). Thus the cause and prejudice exception does not apply. Petitioner has also failed to show that he is actually innocent, and the miscarriage of justice exception to the procedural default rule does not apply either.

For the reasons stated above, Petitioner's Brady and Giglio claim raised in his § 2255 motion is procedurally barred and is denied.[2]

C. **Claim #3: Trial counsel was ineffective for failing to request severance**

This Court adopts the recommendation of the Magistrate Judge on the issue of trial counsel's failure to sever. In his post-hearing brief, Petitioner alleges that trial counsel should have made a motion for severance mid-trial because

---

[2] The Court finds it worth noting that Petitioner was specifically asked during the evidentiary hearing to brief the issue of the potential procedural bar to this claim in his post-hearing brief. (Doc. 596, p. 4-6.) Petitioner did not make any mention of the claim or a potential defense in his brief. (Doc. 601.) Additionally, Petitioner failed to provide any legal support against an application of the procedural bar to his § 2255 claim in his objections to the Magistrate Judge's recommendation. He merely states that the Magistrate Judge improperly applied the law, but gives no support for this assertion.

Julie Harrell, the wife of Petitioner's co-defendant, waived her marital privilege and gave testimony that was damaging to the Petitioner. Petitioner contends that if the trial had been severed, this damaging testimony could have been avoided.

The Magistrate Judge did not reach the merits of this claim, determining that the claim was time-barred. The Magistrate Judge reasoned that this claim could not be added over two years after the filing of his initial § 2255 motion. Despite Petitioner's argument that this claim should attach to the ineffective assistance of counsel claim in his original § 2255 motion, the Magistrate Judge found that the claim was barred. The Magistrate Judge noted that Petitioner could not claim an "overarching theory" of ineffective assistance of counsel, but instead was required to note specific instances when counsel was allegedly deficient.

This Court adopts the recommendation of the Magistrate Judge and finds that this new claim be denied. The specific claim that trial counsel should have made a motion for severance was not included in Petitioner's § 2255 motion and it cannot be added now.

D. **Claim #4: The government failed to furnish an exculpatory statement from Harrell**

In his post-hearing brief, Petitioner also attempts to add another new claim alleging that the government failed to disclose exculpatory statements made by Petitioner's co-defendant, Martin Harrell, during Harrell's debriefing interview that

13

occurred post-trial. The Magistrate Judge denied this claim on the grounds that it was not supported by evidence and that it was time-barred.

This Court agrees with the recommendation of the Magistrate Judge on this issue and adopts it in full. The Court agrees that there is not sufficient evidence to support the allegedly exculpatory statements that were made during Harrell's debriefing interview based on Harrell's lack of credibility as a witness and the lack of documentation of this statement. Petitioner admitted in his objection to the recommendation that "the government apparently is still unable to locate any documentation of this event." (Doc. 650, p. 25.) The fact that the statement is not documented weighs against allowing the claim to be added.

Further, as stated by the Magistrate Judge, this claim is time-barred. Though Petitioner claims that he did not know about this claim until sometime in 2011, this does not mean that Petitioner could not have ascertained the information at an earlier date. The statute of limitations for motions under § 2255 runs from "the latest of … the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). This Court agrees with the analysis of the Magistrate Judge that Petitioner could have discovered information about this allegedly exculpatory statement prior to the filing of his § 2255 motion. An exercise of due diligence should have revealed this statement in time to include it in the § 2255 motion. Because it was not included in the original motion, the

Court will not allow it to be added now. Thus, Petitioner's claim that the government failed to disclose Harrell's exculpatory statement is denied.

For the reasons stated above, Petitioner's Motion to Vacate (Doc. 498) and his Motion to Amend (Doc. 652) are denied.

**SO ORDERED,** this 24th day of August, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr