# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **W. DEXTER HARRISON,** | |
| Petitioner, | |
| v. | Case No. 1:07-cr-45 (HL) |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## ORDER

Before the Court is Petitioner Dexter Harrison's Motion to Alter the Judgment under Rule 60(b) (Doc. 661). The Motion is denied.

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. Henderson v. Secretary, Florida Dept. of Corrections, 411 Fed. Appx. 629, 630 (11th Cir. 2011). To earn relief from judgment under Rule 60(b), the moving party must show that absent reopening the judgment, "extreme" and "unexpected" hardship will result. United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 6460 (1932). The justification for granting relief must be "so compelling that the court [is] 'required' to vacate its order." Montero v. Potter, 174 Fed. Appx. 489, 490 (11th Cir. 2006) (citing Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996)).

In this case, Petitioner asks the Court to reconsider its Order adopting the Report and Recommendation of the Magistrate Judge on his Motion to Vacate

under § 2255 and reopen the judgment (Docs. 653, 654). However, from the Motion, it seems what Petitioner is actually seeking is a reconsideration of the Magistrate Judge's decision to deny Petitioner's Motion to Withdraw and Petitioner's *pro se* Motion to Amend (Doc. 648). Petitioner's Motion argues all the reasons that his former counsel, Mr. Donald F. Samuel, should have been allowed to withdraw. He asserts that the Magistrate Judge's decision to disallow withdrawal resulted in a violation of his constitutional rights.

Petitioner's Motion under Rule 60(b) is not the proper vehicle for the relief he seeks. Even if the judgment were to be reopened, which this Court does not find that it should, this would not reopen all the previous decisions made in the case. Reopening the judgment would not affect the decision of the Magistrate Judge to disallow the withdrawal of Petitioner's counsel, nor would it affect the denial of Petitioner's *pro se* Motion to Amend.

Petitioner has not given any reasons that convince the Court to grant his 60(b) motion to reopen the judgment. There has been no evidence presented of what hardship Petitioner would suffer if the judgment were not reopened. Therefore, Petitioner's Motion to Amend the Judgment under 60(b) is denied.

**SO ORDERED**, this 8th day of February, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr